IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:06-CR-0358-03-RWS |
| LESLIE ANDERSON, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

On July 26, 2007, Defendant Leslie Anderson entered pleas of guilty to Counts One and Two of the Superseding Indictment charging her with conspiracy to possess with intent to distribute at least five (5) kilograms of cocaine and a detectable amount of marijuana and conspiracy to commit money laundering, respectively. Anderson was originally arrested on the charges on March 24, 2006. On May 12, 2006, Anderson was released on a $50,000 cash bond with pretrial supervision. On July 18, 2006, Anderson absconded from supervision and left the country. In March 2007, Anderson returned to the United States and was taken into custody.

On November 20, 2007, a sentencing hearing was held, and Anderson was committed to the custody of the Bureau of Prisons for a term of 220 months on Counts One and Two, to be served concurrently. A Judgment and Commitment Order imposing the sentence was entered on November 30, 2007. On December 3, 2007, Anderson filed a Motion to Correct or Reduce Sentence [98]. The case is presently before the Court for consideration of that Motion.

In her Motion, Anderson seeks relief pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, error which would almost certainly result in a remand of the case to the trial court for further action. . . . The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the Sentencing Guidelines or for the court to simply change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the Sentencing Guidelines. Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing.

UnitedStates v. Delcastillo, 212 Fed.Appx. 818, 821 (11th Cir. 2006) (quoting Fed.R.Civ.P. 35, Advisory Comm. Notes, 1991 Amendments).

In her Motion, Anderson raises three issues: "a) the Court erroneously applied the Guidelines as presumptively reasonable; b) the Court erred when it failed to apply a two (2) point reduction for acceptance of responsibility; and c) the Court erred when it failed to apply a reduction for Defendant's mitigating role in the offense." (Anderson Br. at 2).

The Court finds that the second and third issues raised by Anderson are an effort to re-argue application of the Sentencing Guidelines and, thus, are not valid grounds for relief pursuant to Rule 35(a). Based upon Anderson having absconded from supervision, Anderson received a two-level upward adjustment for obstruction of justice. Based upon the finding of obstruction of justice, the Court declined to grant Anderson an adjustment for acceptance of responsibility. In her brief, Anderson acknowledges that acceptance of responsibility for a defendant who has obstructed justice is appropriate only in "extraordinary cases." However, Anderson argues that her case is extraordinary, and she should have received an adjustment for acceptance of responsibility. The Court found otherwise. The Court declined to grant an adjustment in the Guideline calculation for acceptance of responsibility, but the Court did give Anderson consideration for acceptance of responsibility in

3

connection with the 18 U.S.C. § 3553 analysis. (T-149-150). Although Anderson may disagree with the Court's conclusion on this matter, the decision to deny a Guideline adjustment is not clear error and does not warrant the relief sought by Anderson in her Motion.

The second Guideline calculation challenged by Anderson is the Court's refusal to award Anderson a role adjustment. The Court found that Anderson's level of participation in the conspiracies was not consistent with a role reduction. Anderson argues that she was less culpable than other members of the conspiracy, and thus, she should have received a minimal role adjustment. (Anderson Br. at 17). The Court agrees that Anderson's role was less than Estrada's in the charged offenses. However, the Court does not find that Anderson's role in money laundering was significantly different from Sellers. Her role in the drug conspiracy was significantly greater than Sellers' role. "Relative culpability does not end the inquiry, however. The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." United States v. De Varon, 175 F.3d 930, 944 (11th Cir. 1999). The level of Anderson's

4

participation was not minor or minimal. Cooperating witnesses identified Anderson as the person from whom they received cocaine on a regular basis. They also identified her as the person who collected proceeds from the sales. The Presentence Report includes detailed information concerning numerous cash deposits made by Anderson, as well as purchases of luxury automobiles and an apartment that were inconsistent with her stated income at those times. The evidence established that Anderson was an integral part of this drug operation from the distribution of drugs, to the collection of proceeds, to the laundering of those proceeds. It was not clear error for the Court to deny Anderson a role adjustment under these circumstances.

Anderson's only contention that would arguably rise to the level of clear error, if it were true, is the allegation that the Court erroneously applied the Guidelines as presumptively reasonable.[1] Anderson contends that the Court felt that it was bound by the Guideline sentence. This contention is belied by the fact that the Court imposed a sentence that is below Guidelines.

---

[1] The Supreme Court, in Rita v. United States, -- U.S. -- , 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007), held that a federal appellate court could apply a presumption of reasonableness to review of a district court sentence imposed within the Guideline range. However, the Eleventh Circuit does not ordinarily apply such a presumption. United States v. Cervera, No. 07-12621, 2008 WL 800197 (11th March 27, 2008).

Anderson suggests that because the Court first calculated the Guidelines and then proceeded to the Section 3553 analysis, it was somehow using the Guidelines as a "benchmark" or a "baseline." (Anderson Br. at 7). Actually, the Court was following prescribed sentencing procedures. "After the Booker decision, sentencing now requires two steps. First, the district court must correctly calculate the applicable sentencing range provided by the Sentencing Guidelines. Second, the district court must determine a reasonable sentence by considering the sentencing range provided by the Guidelines and the Section 3553(a) factors." United States v. Williams, 472 F. 3d 835, 837 (11th Cir. 2006). At sentencing, the Court ruled on all of the objections to the Presentence Report and then made a finding as to the sentencing range under the Sentencing Guidelines. The Court next went through the specific Section 3553(a) factors to determine a reasonable sentence. (T-149-151). The sentencing range established by the Sentencing Guidelines is a specific factor the Court is directed to consider pursuant to Section 3553. 18 U.S.C. § 3553(a)(4). However, the Court provided no presumptive consideration to the Guidelines. The sentencing range under the Guidelines was 292 months to 365 months.

After completing its analysis, the Court imposed a sentence of 220 months, six (6) years less than the Guidelines' range.

In conclusion, the Court imposed a sentence that took into account all relevant factors and resulted in a sentence that was sufficient, but not greater than necessary to comply with the purposes of the sentencing law.  Anderson fails to establish any clear error in the sentence as imposed by the Court.  Therefore, Anderson's Motion to Correct or Reduce Sentence [98] is hereby **DENIED**.

**SO ORDERED** this   28th   day of April, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)